RUHNKE & BARRETT

ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000
973-746-1490 (FAX)

29 BROADWAY, SUITE 1412
NEW YORK, N.Y.  10006
212-608-7949

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com)    ◊    JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

REPLY TO MONTCLAIR OFFICE

September 18, 2017

Filed via ECF
Hon. Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    United States v. Muhanad Mahmoud al Farekh,
>        15-CR-268 (S-2) (BMC)

Dear Judge Cogan:

Defendant Muhanad Mahmoud Al Farekh respectfully submits this letter objecting to the admission of Government Exhibit 332 ("GX 332") into evidence.

On September 14, 2017, Kendra Sibley, a forensic examiner with the Federal Bureau of Investigations, testified extensively about the 18 latent fingerprints at issue. See Tr. 9/14/17. The photographs of the prints were all admitted into evidence and each was the subject of testimony. See id. During her testimony, Ms. Sibley was also shown GX 332, a summary chart of the fingerprint evidence. See id. at 460. The government seeks to admit GX 332 into evidence pursuant to Fed. R. Evid. 1006. The defendant objects to its admission.

Federal Rule of Evidence 1006, Summaries to Prove Content, provides:

> The proponent may use a summary, chart, or calculation to prove the content of *voluminous* writings, recordings, or photographs *that cannot be conveniently examined in court*. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006 (emphasis added).

It is immediately obvious that Rule 1006 is inapposite to this situation since, in fact, it was not only "possible" for the exhibits to be "conveniently examined in court," that is what took place. As noted by one court in this circuit, "Rule 1006 is designed as a safeguard to assure the accuracy and correctness where a summary or chart is the *only practicable means* of presenting certain voluminous evidence to the fact-finder." United States v. Earls, 2004 WL 350725, *9 (S.D.N.Y. Feb. 25, 2004) (emphasis added). Here, Agent Sibley's testimony, as well as the admission of the photographs of all of the prints, demonstrates that GX 332 is not the only practicable means of presenting the fingerprint evidence. Ms. Sibley specifically testified about each of the 18 identifications. Contrary to the purpose of Rule 1006, the evidence *was*, as noted above, "conveniently examined in court." Fed. R. Evid. 1006. The evidence was not so voluminous that it falls within the confines of Fed. R. Evid. 1006. See, e.g., United States v. Blackwood, 366 Fed. Appx. 207, 212 (2d Cir. 2010) (summary chart "detailed information concerning well over 100 telephone calls spanning three days"); United States v. Yousef, 327 F.3d 56, 157 (2d Cir. 2003) ("evidence culled from a two-binder set of telephone-record summaries that was given to jury"). Indeed, GX 332 is not a subset of otherwise voluminous information. Again, Ms. Sibley testified about all of the prints at issue.

Thus, admission of a summary chart is not necessary to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. See United States v. Nadeem, 2015 WL 5821098, *10 (E.D.N.Y. Oct. 5, 2015) (BMC) (admitting summary chart while noting that "[a]dmitting this chart saved what would likely have been hours of testimony from Special Agent Cribbins about hundreds of individual checks."). Here, the contents of entire chart was testified to by Agent Sibley, and the government must not be permitted to allow her testimony to be substituted or enhanced by a summary chart that is not necessary, duplicative of testimony, and fails to comport with the rule or its purposes.

As the Second Circuit has previously held, "[a] chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since, by its arrangement and use, it is an argument to the jury during the course of the trial." *United States v. Conlin*, 551 F.2d 534, 538-39 (2d Cir. 1977). Here, since all of the underlying evidence contained in the summary chart was the subject of testimony and each of the exhibits was presented to the jury and

Ruhnke & Barrett
ATTORNEYS AT LAW

HON. BRIAN M. COGAN, U.S.D.J.
September 18, 2017
Page 3

admitted, admission of a summary chart is both unnecessary and meets none of the criteria of Rule 1006. The defendant's objection should be sustained.

Respectfully submitted,

Sean M. Maher
David A. Ruhnke
Diane Ferrone
Co-counsel to Mr. Al Farekh

By:    */s/ David A. Ruhnke*

cc:    All Parties (via ECF)
C:\Case Files\Al Farekh\Motions\2017.09.18 ltr mem opposing summary chart fringerprints.wpd

RUHNKE & BARRETT
ATTORNEYS AT LAW

HON. BRIAN M. COGAN, U.S.D.J.
September 18, 2017
Page 4